IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01237-RPM

UET RR, LLC,

    Plaintiff,

v.

BENJAMIN D. COMIS,
TALANDA SYKES,
K3B PARTNERS, ULC,
BARRY W. COMIS,
FALCON CREEK ASSET MANAGEMENT, INC.,
RKB INVESTMENTS, LTD.,
RICHARD K. BRUGGER,
K. TODD HICKS,
VIERO GROUP, INC.,

    Defendants.

---

## PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information or information that will improperly annoy, embarrass, oppress, or unduly burden any party, witness, or person providing discovery or to whom discovery pertains in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential, proprietary, personal financial information, or implicates common law and statutory privacy interests of the parties to this litigation or any other person entitled to protection under Fed.R.Civ.P. 26(c), including, without limitation, personal financial information, account information, private social security numbers, and other private identifying information. CONFIDENTIAL information also includes (1) any information copied or extracted from information designated CONFIDENTIAL; (2) all copies, excerpts, summaries, or compilations of CONFIDENTIAL information; and (3) any testimony, conversations, or presentations by the parties or their counsel that might reveal CONFIDENTIAL information. Any party, intervening party, or third party from whom discovery is sought may designate information produced in this lawsuit as CONFIDENTIAL. Information may only be designated as CONFIDENTIAL within the terms of this Order after review by an attorney for the designating party or person who will certify that said designation is based on a good faith belief that the information is confidential or otherwise entitled to protection, as required by *Gillard v. Boulder Valley School District*, 196 F.R.D. 382, 386 (D. Colo. 2000).

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and information (collectively, "CONFIDENTIAL information") shall not, without the consent of the party producing or designating it, or further Order of the Court, be disclosed, except that such information may be disclosed to:

    (a) attorneys actively working on this civil action;

    (b) persons regularly employed or associated with the attorneys actively working on this civil action whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this civil action;

    (c) the parties (including designated representatives for each party);

    (d) expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this civil action;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this civil action;

    (g) deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and

stenographic reporters), counsel shall provide such person with a copy of this Protective Order and shall make an appropriate record of such delivery.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure the material is treated in accordance with the provisions of this Protective Order.

10. The terms of this Order are applicable to information produced by a non-party in this action and designated as CONFIDENTIAL. Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the person designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties and relevant non-parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party or other person designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating person fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party or other person designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. Documents, materials, information, interrogatory answers, and depositions designated as CONFIDENTIAL, when filed with pleadings or offered as evidence at any hearing or trial, shall be delivered sealed to the Clerk of the Court, and shall not be available for public inspection.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as

CONFIDENTIAL shall be returned to the party or person that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties and any other designating person with an affidavit confirming the destruction.

14. The termination of proceedings in this action shall not thereafter relieve the parties from the obligation of maintaining the confidentiality of the documents, materials, and information designated as "CONFIDENTIAL" that are received pursuant to this Protective Order.

15. If a receiving party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL information to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party or person of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the CONFIDENTIAL material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order.

16. When a producing party or person gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed.R.Civ.P. 26(b)(5)(b).

17. Any party that wishes to file CONFIDENTIAL information with the Court must move the Court to file such information under seal pursuant to D.C.COLO.LCivR 7.2.

18. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

APPROVED AS TO FORM:

**FEATHERSTONE DESISTO LLC**

By: s/*Bruce A. Featherstone*
Bruce A. Featherstone, #13089
Elizabeth M. Bryans, #31016
1430 Wynkoop Street, Suite 201
Denver, Colorado 80202
Phone: 303 626-7100
Fax: 303 626-7101
bfeatherstone@featherstonelaw.com
ebryans@featherstonelaw.com

*Attorneys for Plaintiff UET RR, LLC*

**WATROUS | GOODWIN | REHA**

By: s/*John F. Reha*
John F. Reha, #11800
David J. Caras, #41537
7472 South Shaffer Lane, #100
Littleton, Colorado 80127-7404
Phone: 303 253-7200
Fax: 303 253-7201
reha@wgrlegal.com
caras@wgrlegal.com

*Attorneys for Defendants Benjamin D. Comis, K3B Partners, ULC, Barry W. Comis, Falcon Creek Asset Management, Inc., RKB Investments, Ltd., Richard K. Brugger, J. Todd Hicks, Viero Group, Inc.*

SO ORDERED this 13 day of April, 2016.

BY THE COURT:

_____
United States District Court Judge